IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
_____ DIVISION

Debra Walton
(Print your full name)

Plaintiff *pro se*,

v.

Cherokee Nation Red Wing (CNRW)

(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

3:17-cv-49-CDL

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

    ✓   Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

    **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

__NA__ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

>  **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

__NA__ Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

>  **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

__NA__ Other (describe) _____

_____

_____

_____

_____

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff.  Print your full name and mailing address below:

   Name  ~~mr~~ Debra Walton

   Address  1212 James Jackson Pkwy Apt 906
   Atlanta GA  30318

4. Defendant(s).  Print below the name and address of each defendant listed on page 1 of this form:

   Name  Cherokee Nation Red Wing

   Address  Bldg. 2446 Indianhead Road
   Fort Benning GA 31905

   Name  Cherokee Nation Red Wing (Home office)

   Address  777 West Cherokee St.
   Catoosa, Oklahoma 74015

   Name  _____

   Address  _____

## Location and Time

5. If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

   Cherokee Nation Red Wing
   Bldg. 2446 Indianhead Road
   Fort Benning GA 31905

Page 3 of 9

6. When did the alleged discrimination occur? (State date or time period)

   March 7, 2016

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?   ✓ Yes   ___ No

    If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

    ✓ Yes   ___ No

    If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:

    _____

9. If you are suing for **age discrimination**, check one of the following:

    N/A   60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

    ___   Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

  \_\_\_\_\_ Yes   \_\_\_\_\_ No   \_✓\_ Not applicable, because I was not an employee of, or applicant with, a State agency.

  If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

  _____
  _____
  _____
  _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

  \_\_\_\_\_ Yes   \_\_\_\_\_ No   \_✓\_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

  If you checked "Yes," describe below what happened in that administrative process:

  _____
  _____
  _____
  _____

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    \_\_\_\_\_ failure to hire me
    \_\_\_\_\_ failure to promote me
    \_\_\_\_\_ demotion
    \_\_\_\_\_ reduction in my wages
    \_✓\_\_ working under terms and conditions of employment that differed from similarly situated employees
    \_✓\_\_ harassment
    \_✓\_\_ retaliation
    \_✓\_\_ termination of my employment
    \_\_\_\_\_ failure to accommodate my disability
    \_\_\_\_\_ other (please specify) _____

    _____

13. I believe that I was discriminated against because of (check only those that apply):

    \_✓\_\_ my race or color, which is _____
    \_\_\_\_\_ my religion, which is _____
    \_✓\_\_ my sex (gender), which is \_\_\_\_ male \_✓\_ female
    \_\_\_\_\_ my national origin, which is _____
    \_\_\_\_\_ my age (my date of birth is _____)
    \_\_\_\_\_ my disability or perceived disability, which is:

    _____

    \_\_\_\_\_ my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

    \_\_\_\_\_ other (please specify) _____

    _____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

Statement attached

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

Statement of Case: Debra Walton vs Cherokee Nation Red Wing

Prepared by Debra Walton

February 03, 2017

Note

Included along with this statement is a list of people with direct knowledge of the facts involved. Contact information is also provided for the people listed.

Abstract

What this complaint is about is a violation of my civil rights under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act 29 U.S.C. §626, et seq. A basic overview of my case: I was hired by Cherokee Nation Red Wing as a Black Hawk Avionics Mechanic I in November 2015. I was the only African American female in that position and passed the company's 30 day and 90-day performance evaluations without any problems being brought to my attention. I made a complaint to management in mid-February because the employee assigned to train me on company procedures refused to do so. Due to statements made by this employee as well as others I concluded that his refusal to train me was because of my race, color and gender. Approximately two weeks after voicing my concerns Cherokee Nation Red Wing's management staff unlawfully terminated my employment. I was informed of my termination on March 7, 2016 with the official end of employment date being March 14, 2016.

Debra Walton vs Cherokee Nation Red Wing

I was initially recruited for employment with the Cherokee Nation Red Wing (CNRW) by a Cherokee Nation employee named Curtis Ingersoll. Mr. Ingersoll is a Cherokee Business Human Resources recruiter. After a series of emails between Mr. Ingersoll and myself, as well as phone calls, I was hired as a UH-60 Mechanic I and received a start date. My first official work day was November 23, 2015 and the last official day was March 14, 2016. Total days employed with CNRW was 112. I relocated from Alabama to Fort Benning Georgia where the job site was shortly before my first day.

Upon arriving at the job, I was informed that Cherokee Nation Red Wing was in the process of taking over an avionics maintenance contract previously held by Sikorsky Aerospace Maintenance. At the time, there was only one other avionics mechanic working there for Cherokee Nation Red Wing at this particular site. That person was Kevin Everhart.

Kevin Everhart was a mechanic II and I was hired in as a mechanic I with the job designation of trainer/helper. There were also Sikorsky Aerospace personnel working alongside Cherokee Nation Red Wing employees. Kevin's primary role as I was told, was to get me oriented to the job and trained on the specifics of how the company expected tasks to be completed. I worked directly with Kevin Everhart for my first 30 days. We worked together less than 8 hours each day. Although he did familiarize me with the overall layout of the site; introduce me to other co-workers and take me around to different departments, he offered absolutely no training.

After working with Keven Everhart directly, I was assigned to the Airframe and Powerplant section (A&P). Kevin and I still interacted for work related purposes on a daily basis and his role as my trainer had not been lifted as far as I knew. My lead in the A&P section was

Robin Roman whose nickname is Alex. Alex's crew consisted of Alex, myself, two Sikorsky employees and other new hires. As the lead, it was Alex's job to electronically retrieve the other crew members 13-1 and 13-2 documentation. A 13-1 is an aircraft inspection and maintenance record and the 13-2 form details what maintenance actions were performed on a given aircraft. He was to review these documents for completeness and accuracy. It was Alex's responsibility to monitor the status of any work to be done and to verify any work that had been finished.

There are maintenance and mechanical issues that can render an aircraft unusable. In the industry, it is considered a downed aircraft. Cherokee Nation Red Wing as well as Sikorsky and all other aircraft maintenance have policies and procedures in place to address downed aircraft. These policies not only dictate what must be done to make the aircraft serviceable but also in the case where it is made unserviceable by the fault of an employee; how that employee should be advised, trained, reprimanded or otherwise disciplined. It might be that the employee would be given further training or that the employee should receive disciplinary action. Downing an aircraft is considered one the most serious errors that an aircraft mechanic can make. During my tenure at CRNW my trainer (Kevin Everhart) was responsible for bending a stabilizer on an A1C aircraft. Mr. Everhart was suspended for 5 days without pay for this infraction. I later learned that this was not the first-time Mr. Everhart had been suspended for similar incidents.

Being the only black female to work at this site I never felt comfortable. My feelings met with reality in January 2016. It was in January 2016 that Kevin Everhart made statements to me that were verbally abusive, derogatory and degrading. The fact that I was new, had recently relocated as well as needing the job made me fearful of going to management with my complaints. In mid-February 2016, discriminatory statements made by Kevin Everhart were heard by another female employee named Kristen Hedden. Mrs. Heddin told the incoming

manager, Chad Dishon, what she had heard. It was also in February 2016 that I informed Mr. Dishon of Kevin Everhart's refusal to provide me with adequate training. Mr. Dishon in turn requested several employee meetings to address these issues. Present in these meetings were Kristen Hedden, myself, Jason Townsend (supply lead), Justin Oliver (mechanic lead), Robin Roman also known as Alex, Kevin Everhart as well as a few other employees. We also had an incoming assistant site manager named Rex Horner. Rex had not been there a full month and was not present in any meeting prior to my termination. What came out at these meetings was that not only was Kevin Everhart making degrading, gender and racially insensitive statements but so were the other lead employees who were present at the meetings. These facts led to an even more contentious work environment so I made sure that my job performance was excellent.

On March 4, 2016 Rex Horner asked me to work on the following UH-60 Blackhawk helicopters with the designation numbers: 567, 619, 571, 568 and 564. Once a mechanic's inspections are completed on certain "work packages" the company's procedure is to have a technical inspector do a preliminary review of the work, documentation detailing work performed and or actions needed. The work Mr. Horner asked me to do was one of these "work packages." The technical inspector has a sign off sheet that he signs verifying that the documentation is correct and coincide with the indicated actions. He or she is a member of the quality assurance, quality control department. The technical inspector reviewed, verified and signed off on my work which indicated that it was complete and correct. Three days later on March 7, 2016 I was called into a meeting with Rex Horner (the incoming assistant site manager), at which time he informed me that my employment was terminated. There was no reason given at this meeting. Later I was that I had assigned the wrong aircraft numbers to the inspection and maintenance documents. No proof was ever presented to me that this was indeed

the case. No other person was reprimanded or disciplined in any way to my knowledge. My termination came approximately 2 weeks after I complained to management about the toxic and discriminatory work environment. It was clear to me that my termination was in part or in whole retaliation for my complaint about racial, gender and sexual discrimination.

List of former co-workers with detailed knowledge of this case

| | |
|---|---|
| Kristen Hedden | (706) 545-3362 |
| Nathanial Benitez | (706) 545-7438 |
| Will Story | (706) 545-7437 |
| Justin Oliver | (706) 577-7232 |

*This list is not a complete or exhaustive list of people who know facts related to my complaint. Any person named in the included statement will have details as well and to date can be reached during normal work hours at the Cherokee Nation Red Wing site located in Fort Benning Georgia. The mailing address is: Cherokee Nation Red Wing 2466 Bldg. Indianhead Road Fort Benning, GA 31905. Phone number (706) 545-5088

15. Plaintiff   ____ still works for defendant(s)
              ✓    no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?   ____ Yes   ____ No

    If you checked "Yes," please explain: __N/A__

17. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?   ____ Yes   ✓ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

- ✓ Defendant(s) be directed to _____
- ✓ Money damages (list amounts) 3 million Dollars
- ✓ Costs and fees involved in litigating this case
- ✓ Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 13 day of March, 20 17

Debra Walton
(Signature of plaintiff *pro se*)

Debra Walton
(Printed name of plaintiff *pro se*)

1212 James Jackson Pkwy 906
(street address)

Atlanta Ga 30318
(City, State, and zip code)

waltonmslou@aol.com
(email address)

334-790-1561
(telephone number)